IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WILLMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2958-M-BD |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants City of Dallas ("the City") and Dallas County, Texas ("the County") have filed separate Rule 12(b)(6) motions to dismiss this *pro se* civil action brought by plaintiff seeking money damages due to negligence, fraud, and alleged violations of his constitutional rights in connection with the disposition of a prior federal lawsuit. Three other defendants -- the State of Texas ("the State"), Americas Tire Co., Inc. ("ATC"), and Jimmy Wilson d/b/a Americas Automotive and Tire ("Wilson") -- have joined in the City's motion to dismiss. For the reasons stated herein, the motions should be granted, and plaintiff should be sanctioned $500.00 for abuse of the judicial process.

I.

This lawsuit is the latest episode in a 15-year battle waged by plaintiff to obtain relief from the courts for allegedly faulty repairs done to his car. The tortured procedural history of the prior legal proceedings was summarized by the state court of appeals in *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796 (Tex. App.--Dallas 2006, pet. denied). In 1996, plaintiff sued Fred Wilson, now

-1-

deceased, and his company, Americas Automotive, in Dallas County justice court alleging damage to his car as a result of poor workmanship. After a bench trial, the court entered a take nothing judgment against plaintiff. A second trial was held after the presiding judge recused himself. The result was the same -- a take nothing judgment against plaintiff.

Two more lawsuits followed. The first case, filed by plaintiff in justice court, was dismissed on December 8, 2000. Eighteen months later, on June 26, 2002, plaintiff sued Fred Wilson and his company in state district court. After determining that plaintiff was a vexatious litigant and requiring him to post a $2,500 bond in order to prosecute his claims, the court granted summary judgment in favor of Wilson. Plaintiff filed a motion for new trial asking the court to set aside the summary judgment. While that motion was pending, plaintiff amended his petition to add Jimmy Wilson, another owner of Americas Automotive, and the State of Texas as parties. In his amended petition, plaintiff made a number of spurious allegations, including that "the State was liable for the actions of elected state judges and that various judges 'stole' from [him] when they imposed sanctions against [him] in previous litigation[.]" *Willms*, 190 S.W.3d at 800. Over the course of the next 19 months, plaintiff filed six supplemental petitions in the state court litigation. In 2005, the trial court granted the State's plea to the jurisdiction, denied plaintiff's motion for new trial, and ordered plaintiff to pay attorney's fees. That judgment, including the order adjudicating plaintiff as a vexatious litigant, was affirmed on direct appeal.

In 2010, plaintiff sued the State of Texas, the City of Dallas, ATC, and Wilson in federal district court. Succinctly stated, plaintiff alleged that: (1) he was denied his constitutional right to a jury trial in state court; (2) efforts by the State, ATC, and Wilson to collect attorney's fees and sanctions amounted to theft, attempted theft, and misappropriation of funds; (3) the state court

defendants and state court judges committed aggravated perjury through their pleadings and rulings; and (4) the City discriminated against him and hindered prosecution by failing to act on his complaints of wrongdoing in connection with the state court litigation. That case was dismissed at the pleading stage. *Willms v. State of Texas*, No. 3-10-CV-0374-B, 2010 WL 3199783 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, 2010 WL 3199786 (N.D. Tex. Aug. 12, 2010) ("*Willms I*"). In its dismissal order, the court warned plaintiff that:

> sanctions may be imposed if [he] file[s] any other lawsuits against the State of Texas, the City of Dallas, ATC, or Jimmy Wilson seeking compensation for repairs made to [his] car or challenging the conduct of any litigation related thereto. In addition to monetary penalties, such sanctions may include an order barring plaintiff[ ] from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge.

*Willms I*, 2010 WL 3199783 at *4, *citing Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

Undeterred by that warning, plaintiff has filed yet another lawsuit against the State, the City, ATC, and Wilson. Also named as defendants are the United States of America and Dallas County, Texas. As best the court can decipher his 28-page complaint, plaintiff appears to allege that pleadings filed by the State, the City, ATC, and Wilson in *Willms I* did not comply with the federal rules, (*see* Plf. Compl. at 21-25, ¶¶ 131-36, 137-44, 145-55), and that the United States is somehow responsible for these rules violations and the conduct of federal judicial officers who presided over that case. (*See id.* at 25-28, ¶¶ 156-77). Plaintiff also blames the County for his injuries because the District Attorney rarely, if ever, prosecutes elected officials. (*See id.* at 21, ¶¶ 127-28). All defendants, other than the United States of America,[1] now move to dismiss the claims brought

---

[1] The United States has not yet answered or appeared herein.

against them.  Plaintiff has filed multiple responses to the motions, and this matter is ripe for determination.

## II.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991).  To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

## A.

To the extent plaintiff asserts any claim against the State, the City, ATC, or Wilson based on conduct that occurred prior to the filing of *Willms I*, any such claim is barred by res judicata.  The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated

or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.), *cert. denied*, 125 S.Ct. 808 (2004). The test for res judicata has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

Here, there is little doubt that the claims asserted by plaintiff in paragraphs 12-126 of his complaint are based on the "same nucleus of operative facts" as *Willms I*. Plaintiff admits as much in his pleadings. (*See* Plf. Obj., Doc. #11 at Page ID 119; Plf. Resp., Doc. #22 at Page ID 351, ¶ 12).

The parties against whom those claims are asserted -- the State, the City, ATC, and Wilson -- all were parties in the prior action. *Willms I* was resolved by a final judgment rendered by a court of competent jurisdiction. Consequently, those claims are barred by res judicata.

C.

The gravamen of plaintiff's remaining claims is that the defendants in *Willms I* filed pleadings that did not comply with Fed. R. Civ. P. 8(b). More particularly, plaintiff accuses the State, the City, ATC, and Wilson of violating his right to due process by falsely alleging in their pleadings that he failed to state a claim for relief, that he was a vexatious litigant, that he had identified himself as an attorney, and that he caused this litigation to continue since 1996. (*See* Plf. Compl. at 22-24, ¶¶ 132, 138-42, 143, 147). However, a litigant has no due process interest in enforcement of the Federal Rules of Civil Procedure. *See Odeh v. Fish*, No. 4-08-CV-549-B, 2011 WL 4424400 at *1-2 (N.D. Tex. Sept. 22, 2011). Nor does a violation of these rules provide an independent basis for federal subject matter jurisdiction. *See Mitchell v. Central Bank & Trust*, 49 F.3d 728 (Table), 1995 WL 103356 at *2 (5th Cir. Mar. 1, 1995)*, citing Port Drum Co. v. Umphrey*, 852 F.2d 148, 149-50 (5th Cir. 1988). Plaintiff also alleges that the City and the State "breached the peace by failing to take corrective action." (*See* Plf. Compl. at 22-23, ¶¶ 134, 144). This conclusory assertion, which does not implicate a cognizable right under federal or state law, is insufficient to survive a Rule 12(b)(6) motion to dismiss.

That leaves plaintiff's claim against the County for failing to prosecute elected officials. According to plaintiff, the County is responsible for some of his injuries because "without enforcement, the system of law and order breaks down." (*See id.* at 21, ¶¶ 127-28). To the extent plaintiff attempts to sue the County for failing to prosecute or investigate alleged criminal

wrongdoing, his claim is not actionable as a matter of law. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). If plaintiff intends to assert some other claim against the County, he has not alleged any facts to support such a claim. Therefore, dismissal is proper under Rule 12(b)(6).

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

In dismissing *Willms I,* the court warned plaintiff that "sanctions may be imposed if [he] file[s] any other lawsuits against the State of Texas, the City of Dallas, ATC, or Jimmy Wilson seeking compensation for repairs made to [his] car or *challenging the conduct of any litigation related thereto.*" *Willms I*, 2010 WL 3199783 at *4 (emphasis added). Notwithstanding this clear warning, plaintiff filed the instant action less than 15 months later. After various defendants filed motions to dismiss, the court gave plaintiff an opportunity to avoid the imposition of sanctions by voluntarily dismissing his complaint. Plaintiff remained defiant. Not only did plaintiff decline to

dismiss this frivolous lawsuit, but he boldly proclaimed in one pleading that, "I am proud of my persistence in helping to improve things for my community, my State, and my country." (*See* Plf. Obj., Doc. #11 at Page ID 119). It is apparent that plaintiff has no intention of abandoning his campaign of harassment and his abuse of the judicial system. In order to deter such conduct in the future, plaintiff should be sanctioned $500.00 and prohibited from filing any lawsuits in federal court until the sanction is paid.

## RECOMMENDATION

The motions to dismiss filed by the City of Dallas [Doc. #7], the State of Texas [Doc. #12], the County of Dallas [Doc. #13], and Americas Tire Co., Inc. and Jimmy Wilson d/b/a Americas Automotive and Tire [Doc. #15] should be granted. Because there is no just reason for delay, the court should issue a final judgment of dismissal with prejudice as to these defendants pursuant to Rule 54(b).[2] In addition, plaintiff should be sanctioned $500.00 and barred from filing any other lawsuits in federal court until the sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[2] The court is unable to *sua sponte* dismiss plaintiff's claims against the United States of America because he paid the statutory filing fee. *See* 28 U.S.C. § 1915(e)(2)(B) (authorizing court to dismiss civil action brought *in forma pauperis* if the action is frivolous, malicious, or fails to state a claim on which relief may be granted). However, it is likely that these claims are barred by sovereign immunity.

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE