IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN WILLMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2958-M-BD |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant United States of America, the sole remaining defendant in this case,[1] has filed a motion to dismiss plaintiff's claims for negligence, gross negligence, fraud, and denial of a jury trial. As best the court understands these claims, plaintiff appears to blame the federal government for certain court rulings made against him in a prior lawsuit, *Willms v. State of Texas*, No. 3-10-CV-0374-B, 2010 WL 3199783 (N.D. Tex. Jul. 22, 2010), *rec. adopted*, 2010 WL 3199786 (N.D. Tex. Aug. 12, 2010) ("*Willms I*"). Specifically, plaintiff complains that the court, which is part of the federal government, dismissed *Willms I* at the pleading stage without requiring defendants to file an answer, without giving him an opportunity to conduct discovery, and without affording him a trial by jury. (*See* Plf. Compl. at 25-28, ¶¶ 156-77). The government now moves for dismissal on the

---

[1] On December 29, 2011, the court dismissed plaintiff's claims against five other defendants -- the State of Texas, the City of Dallas, the County of Dallas, Americas Tire Co., Inc., and Jimmy Wilson d/b/a Americas Automotive and Tire. *See Willms v. United States of America*, No. 3-11-CV-2958-M-BD, 2011 WL 6935337 (N.D. Tex. Dec. 16, 2011), *rec. adopted*, 2011 WL 6934967 (N.D. Tex. Dec. 29, 2011). In addition, plaintiff was sanctioned $500.00 and barred from filing any other lawsuits in federal court until the sanction is paid.

grounds that, *inter alia*: (1) plaintiff has failed to exhaust administrative remedies with respect to the negligence claims; (2) the fraud claim is barred by sovereign immunity; and (3) there is no civil cause of action for denial of a jury trial. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

The federal government is generally immune from suit for money damages under the doctrine of sovereign immunity. *See Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995), *cert. denied*, 117 S.Ct. 295 (1996). However, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*, the United States has waived sovereign immunity and consented to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *see also Cross v. United States*, 159 Fed.Appx. 572, 575, 2005 WL 3477545 at *2 (5th Cir. Dec. 20, 2005). In order to sue the federal government under FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States ex rel. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). Although plaintiff alleges that "demand letters were sent to all defendants on January 13, 2011[,]" (*see* Plf. Resp. at 3), he has failed to provide copies of those letters. Nor is there any evidence that plaintiff presented his negligence and gross negligence claims to the appropriate federal agency within the time and in the manner required by law. Without such proof, the court lacks jurisdiction over those claims.

In his response, plaintiff concedes that his fraud claim against the federal government is barred by sovereign immunity. (*See id.*). That leaves plaintiff's claim for denial of a jury trial in *Willms I*. However, such a claim is not "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Dismissal is therefore proper under Rule 12(b)(6).

## RECOMMENDATION

Defendant's motion to dismiss [Doc. #27] should be granted. Plaintiff's negligence, gross negligence, and fraud claims against the United States of America should be dismissed for lack of subject matter jurisdiction. His other claims should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE